# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

February 7, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LEE E. DAVIS,**
**Claimant Below, Petitioner**

**vs.)  No. 11-0687**  (BOR Appeal No. 2045154)
(Claim No. 2007230835)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**CENTRE FOUNDRY & MACHINE COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Lee E. Davis, by Sue Anne Howard, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Centre Foundry & Machine Company, by Gary Nickerson, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 28, 2011, in which the Board affirmed a September 10, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 23, 2009, decision granting Mr. Davis a 22% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Davis was working for Centre Foundry & Machine Company when he was injured. The claim was held compensable for dislocation metatarsal unspecified, open; fracture shaft tibia with fibula; and fracture foot bone other, open. The injury resulted in the subsequent amputation of the last three toes of Mr. Davis's right foot. He also underwent surgery on the left shoulder for acromioplasty and distal clavicle resection. On March 23, 2009, the claims administrator granted Mr. Davis a 22% permanent partial disability award.

In affirming the claims administrator's Order, the Office of Judges found the evidence supported the 22% permanent partial disability award. The Board of Review reached the same reasoned conclusion. On appeal, Mr. Davis argues that Dr. Guberman is the only physician to properly use West Virginia Code § 23-4-6(f) (2005) and the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1995), and therefore he is entitled to a 31% permanent partial disability award. Centre Foundry & Machine Company maintains that Mr. Davis is not entitled to more than a 22% permanent partial disability award.

Under West Virginia Code § 23-4-6(f) (2005), "[i]f the injury results in the total loss by severance…" the statute assigns percentages of disability for specific disabilities. Moreover, this Court has stated that this statutory provision did not apply to a loss of only a portion not specified in the statute. *Dillon v. State Compensation Commissioner*, 146 W.Va. 269, 119 S.E.2d 89. at 280 (1961). Drs. Langa and Martin found that Mr. Davis was entitled to 4% impairment for each toe lost, as specified in the statute. However, in relation to the portion of the forefoot lost, Dr. Langa assigned 3% impairment as a compromise since Mr. Davis did not lose his entire forefoot; Dr. Martin agreed. Dr. Guberman, however, assigned impairment according to the statute for the loss of the three toes, and then used range of motion to evaluate the foot and ankle.

In relation to the shoulder aspect of the compensable injury, Dr. Martin found that Dr. Guberman was incorrect to assign impairment based on the arthroplasty and range of motion limitations. However, the American Medical Association's *Guides to the Evaluation of Permanent Impairment* 62 (4th ed. 1995), specifically states "[i]n the presence of decreased motion, motion impairments are derived separately (Sections 3.1f through 3.1j) and *combined* with arthroplasty impairment using the Combined Values Chart (p. 322)." The Office of Judges relied on Dr. Martin's statement that Dr. Guberman rated the same body part under multiple impairment methods, which Dr. Martin found to be duplicative. Looking at the statutory provisions and the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1995), Dr. Guberman's evaluation is the best evidence of record of Mr. Davis's whole person impairment resulting from the compensable injury. Therefore, Mr. Davis is entitled to a 31% permanent partial disability award.

For the foregoing reasons, we find that the decision of the Board of Review is based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed and the claim remanded with instruction to grant Mr. Davis a 31% permanent partial disability award.

Reversed and Remanded.

**ISSUED:   February 7, 2013**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Brent D. Benjamin